Chief Judge Kaye
(concurring). I concur in the Court’s opinion and conclusion that because the form arbitration agreements at issue plainly provide that New York law governs the "agreement and its enforcement” (emphasis added), the parties can fairly be understood to have agreed that all of New York arbitration law (including the provisions of CPLR article 75 which allow a party to first litigate Statute of Limitations issues in court) would apply. I write separately, however, to make two somewhat related points concerning what I fear may be the continuing erosion of the pro-arbitratian policy originally expressed by Congress in the Federal Arbitration Act (FAA).
First, I remain troubled by the practical effect for respondents — residents of the States of Florida and Virginia — who now have to litigate the brokerage firms’ Statute of Limitations defenses in New York State court before ever reaching the arbitrators’ door. Because of the Supreme Court’s direction in Volt Information Sciences v Leland Stanford Jr. Univ. *208 (489 US 468, 479) that "private agreements to arbitrate [be] enforced according to their terms,” and the explicit terms of the agreements before us, however, I feel compelled to join the Court in reversing here.
Second, I think it useful to underscore the distinctly different interpretive choices made by the Court in this case and in Salvano v Merrill Lynch, Pierce, Fenner & Smith (85 NY2d 173 [decided today]).
In the present case, the Court concludes that the express language of the parties’ agreements contemplated that the whole of New York arbitration law would apply, and following Volt we give force to the parties’ agreement. In Salvano, by contrast, the arbitration agreements and New York Stock Exchange rules are silent as to the availability of expedited arbitration. Nonetheless, the majority concludes that the parties, by their silence, implicitly agreed that an expedited process was not permissible and thus, the Court lacked the authority to expedite the arbitration. As my dissent reflects, since the applicable agreements and rules in Salvano were silent as to the issue of expedition, it is incumbent upon the Court to vindicate the underlying policy of the FAA and affirm the issuance of an order expediting the arbitration during the pendency of the preliminary injunctions.
The difference between my vote to reverse in the present case and my dissenting vote to affirm in Salvano thus results from the difference between the agreements themselves.
Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur with Judge Titone; Chief Judge Kaye concurs in a separate concurring opinion; Judge Levine taking no part.
In each case: Order reversed, etc.